UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------CASE NO.

TAWANA SCOTT, Individually and as Administratrix
Of the Estate of KEVIN TURNER,

                                   Plaintiff,

        -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, POLICE OFFICERS
JOHN DOE 1 - 10, in their individual and official
capacities, representing as yet unknown and unidentified
members of the Suffolk County Police Department
(all in their individual and official capacities),

                                   Defendants.

------------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N Y

★ FEB 24 2012 ⚹

CV 12 0909
BROOKLYN OFFICE
**VERIFIED**
**COMPLAINT**
**JURY TRIAL DEMANDED**

SUMMONS ISSUED

BIANCO, J.

BOYLE, M.J.

        Plaintiffs, by and through their attorneys, GATHMAN & BENNETT LLP, as and for

their Complaint against the Defendants respectfully set forth:

                                   INTRODUCTION

        1.      This is an action for money damages against COUNTY OF SUFFOLK,

SUFFOLK COUNTY POLICE DEPARTMENT, POLICE OFFICERS JOHN DOE 1-10, in

their individual and official capacities, and "JOHN DOES 1-10" representing as yet unknown

and unidentified members of the Suffolk County Police Department (all in their individual and

official capacities as employees of the Suffolk Police Department) committing acts under color

of law, depriving Plaintiffs' decedent of rights secured Constitution and laws of the United States

and State of New York, as well as, battery, a wrongful ultimate death, negligence, intentional

infliction of emotional distress, unnecessary use of force, failure to render medical treatment,

negligent supervision, and failure to properly train, in violation of 42 U.S.C. §§ 1981, 1983

                                        1

(including Municipal Liability and violations of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution), 42 U.S.C. §§ 1985 and 1986 and related State laws as set forth below.

2.      Upon information and belief, Defendant Officers JOHN DOE 1-10   assaulted, negligently assaulted, battered, used excessive and unnecessary force, and negligently, intentionally, and without cause falsely arrested and assaulted KEVIN TURNER, causing his life to end and further causing severe physical harm, extreme pain and suffering prior to his ultimate death, all in violation of Plaintiffs' decedent KEVIN TURNER's, constitutional and civil rights.

3.      Upon information and belief, Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, and "JOHN AND JANE DOES 1-10" representing as yet unknown and unidentified members of the Suffolk County Police Department failed to properly administer, investigate, supervise and discipline the actions of Defendant OFFICERS JOHN DOE 1-10 before, during, and after the improper assault and death of Plaintiff decedent, KEVIN TURNER.

4.      Upon information and belief, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT were negligent in training, hiring, and supervising officers DOE 1-10 thus leading to the unjustified excessive force, assault, false arrest, and ultimate death.

5.      Upon information and belief, Defendants, DOE 1-10, without probable cause, justification or any reason, except in an intent to deprive KEVIN TURNER of his rights, and DOE 1-10's knowledge that wrongful conduct had the tacit authorization of the COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, upon acc KEVIN TURNER, who was lawfully driving his vehicle, and without provocation, reason, probable cause or threat to his own safety or the safety of others, proceeded to use unnecessary force, and negligently,

2

purposefully, intentionally, and maliciously assaulted KEVIN TURNER about his body causing multiple injuries, without care or action to their acts leading to grave injuries, pain and suffering, and the ultimate death of KEVIN TURNER.

6. After said unlawful abuse, restraint, and beatings, Defendants DOE 1-10 contrived facts and false stories to justify their wrongful and excessive force to KEVIN TURNER. Plaintiffs allege that Defendants COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT have failed to properly investigate the assault and death of KEVIN TURNER, and cover-up the wrongful killing of Plaintiffs' decedent to avoid liability and responsibility.

7. Upon information and belief, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT are liable for the violation of rights, assault, battery, excessive beating, improper restraint and false arrest because the COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT have ignored, condoned, and permitted a pattern of excessive force and abuse of process, and the COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT failed to release the names of the Defendant Police Officers, failed to discipline the officers involved in such incidents, and failed to investigate, with the result that police officers of SUFFOLK COUNTY POLICE DEPARTMENT are encouraged to believe that they can violate the rights of persons such as the decedent KEVIN TURNER with impunity, and that the COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT have acted and continue to act in violation of individual rights constituting, through their actions, a policy.

3

8.      Upon information and belief, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE and "JOHN DOES 1-10" representing as yet unknown and unidentified members of the Office of the Suffolk County Police Department are liable for violations of Plaintiffs' decedent's constitutional and civil rights because said Defendants ignored, delayed and/or failed to administrate, investigate and prosecute with respect to the named Suffolk County police officers.

## JURISDICTION AND VENUE

9.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke pendent jurisdiction of this Court pursuant to 28 U.S.C. 1367 to hear and decide any and all claims arising under state law.

10.     Prior hereto and within the proper time allotted, Plaintiffs filed a Notice of Claim in compliance with General Municipal law § 50 et. seq. and CPLR 215 as against each municipal Defendant. More than 30 days have elapsed and Defendants have failed and refused to pay or adjust same.

11.     Venue for this action is the Eastern District of New York based on where the actions complained of herein occurred.

## PARTIES

12.     During all times mentioned in this Complaint, Plaintiffs' decedent, KEVIN TURNER born on August 31, 1990, was, prior to his wrongful ultimate death, an African American male and citizen United States residing in the State of New York, County of Suffolk.

4

13.     During all times mentioned in this Complaint, Plaintiff TAWANA SCOTT the mother of decedent KEVIN TURNER, and. she is a citizen of the United States residing in the State of New York.

14.     During all times mentioned in this Complaint, Plaintiff TAWANA SCOTT the mother and duly appointed Administratrix of the Estate of KEVIN TURNER by court decree on November 14, 2011, and she is a citizen of the United States, residing in the State of New York, County of Suffolk

15.     Plaintiff TAWANA SCOTT was duly appointed as Administratrix of the Estate of KEVIN TURNER by the Surrogate of Suffolk County, New York, which empower her to proceed with the instant action.

16.     During all times mentioned in this Complaint, Defendant COUNTY OF SUFFOLK (hereinafter the "COUNTY") is a duly constituted municipal corporation of the State of New York and is/was the employer of the named police department and police personnel.

17.     During all times mentioned in this Complaint, Defendant SUFFOLK COUNTY POLICE DEPARTMENT (hereinafter "SCPD") is an agency/entity of the COUNTY.

18.     During all times mentioned in this Complaint, Defendant POLICE OFFICERS JOHN DOE 1-10 (hereinafter "DOE 1-10"), were/are police officers in the SCPD, and, at all times, were state actors acting in their official capacities and were employed by the COUNTY acting under the direction of the COUNTY and SCPD.

19.     During all times mentioned in this Complaint, "JOHN DOES 1-10" representing as yet unknown and unidentified members of the SCPD and at all times were State actors acting in their official capacities and were employed by the COUNTY acting under the direction of the COUNTY and SCPD.

5

20.    During all times mentioned in this Complaint, Defendants, each of them, were acting under color of law, to wit, under color of Constitution, statutes, ordinances, laws, rules, regulations, policies, customs, and usages of the State of New York and/or County of Suffolk.

21.    During all times mentioned in this Complaint, Defendants, each of them, separately and in concert, engaged in acts and omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiffs, and while these acts were carried out under color of law, the Defendants had no justification or excuse in law; the acts were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property, or ensure civil order.

22.    During all times mentioned in this Complaint, Defendants had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights Plaintiffs; each of the Defendants failed and refused to perform that duty and failed and refused restraint the other Defendants, thereby becoming a party and acting in concert to harm an about the injuries inflicted upon the Plaintiffs.

23.    During all times mentioned in this Complaint, Defendants had the power and the duty to conduct a full and fair investigation of the named Suffolk County police officers. Defendants' failure to investigate with respect to the named Suffolk County police officers.

## STATEMENT OF FACTS

24.    On or about April 6, 2010, Plaintiffs' decedent KEVIN TURNER, of African American heritage, was driving on or near the Town of Bellport, County of Suffolk, State of New York acting in a lawful manner.

25.     Officers JOHN DOE 1 and JOHN DOE 2 performed a vehicle stop of Decedent.

26.     Upon information and belief, Defendant Officers JOHN DOE 1 and JOHN DOE 2, were responsible for Plaintiffs' decedent's false arrest, false imprisonment, and unlawful seizure, beating, physical abuse, and restraint, causing him ultimately to die, without probable cause, without justification, and without lawful authority. Said actions of, Defendant Officers JOHN DOE 1 and JOHN DOE 2, were in violation of and without regard for Plaintiffs' decedent's life, liberty, family or rights.

27.     Defendant Officers JOHN DOE 1 and JOHN DOE 2 were reckless, careless and negligent in their actions in assaulting the Plaintiffs' decedent and, upon information, as a result of said beating causing his death. Upon information and belief, at no time did Plaintiffs' decedent act in a way which required the use of force or deadly physical force; display any weapon; threaten to harm the police; or, attempt to cause harm to the police, yet the Defendant Police Officers hit Plaintiffs' decedent multiple times, subjecting Plaintiffs' decedent to painful use of deadly force.

28.     On April 6, 2010, Defendants knew about the severe injury, mental and physical distress, and danger that Plaintiffs' decedent KEVIN TURNER was experiencing, yet Defendants refused and failed to promptly inform appropriate medical personnel and Plaintiffs of KEVIN TURNER's severe injury, suffering, mental and physical distress, and fatal danger or the cause thereof and the manner in which said injuries were sustained.

29.     Subsequent hereto, KEVIN TURNER was treated at various hospitals having sustained numerous injuries including but not limited to subdoral hematoma, craniotomy, partial pancreatectomy, splenectomy, Traumatic Brain Injury and Quadriplegia and death.

7

30.     As a result of the injuries sustained herein KEVIN TURNER passed away on January 2, 2011 at 7:20 p.m. as certified by the Office of the Suffolk County Medical Examiner.

31.     As a result of the unlawful death by Defendant Officers, the false claims against Plaintiffs' decedent and the failure to properly investigate and discipline Defendant Officers, all of which constituted extreme and outrageous behavior, caused KEVIN TURNER and all those left to survive him suffer, and, continue to suffer extreme physical and emotional harm, loss of support, loss of love, affection, nurturing, guidance and direction.

## AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 - FALSE ARREST

32.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 31 of this Complaint with the same force and effect as though fully set forth herein.

33.     The accusations of wrongful actions leveled against Plaintiffs' decedent KEVIN TURNER were false and an attempt to cover up the assault and death, which had been inflicted by the Defendant Officers,

34.     The death and false arrest of KEVIN TURNER without probable cause, and other wrongful acts conducted against Plaintiffs' decedent by Defendants conducted against the Plaintiffs' decedent by Defendants COUNTY, SCPD and POLICE OFFICERS JOHN DOE 1-10 constituted a violation of Plaintiffs' decedent's rights, secured by the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures. Such actions were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiffs' decedent to assaults, false arrest and summary punishment and death, but failed to prevent same and breached their duty.

8

35.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiffs' decedent was deprived of his freedom and life, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror and personal humiliation and degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendant Officers until he was caused to surrender to his injuries and die.

36.     That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS, as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A SECOND COUNT
### 42 U.S.C. § 1983 - EXCESSIVE USE OF FORCE

37.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraph 1 through 36 of this Complaint with the same force and effect as though fully set forth herein.

38.     The accusations of wrongful actions against Plaintiffs' decedent were false and an attempt to cover up the assault and death, which had been inflicted by the Defendants.

39.     The vicious assault and death of Plaintiffs' decedent, false arrest, and other wrongful acts conducted against KEVIN TURNER by Defendants COUNTY, SCPD and POLICE OFFICERS JOHN DOE 1-10 constituted unreasonable and excessive force by a police officer, as well as, abuse of process. Such actions were negligent, reckless, careless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiffs' decedent to vicious and fatal police actions and false arrest, but failed to prevent same and breached their

9

duty. This summary punishment and wrongful seizure was in violation of the rights promised to KEVIN TURNER under the 4th, 5th, and 14th Amendments to the United States Constitution.

40.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiffs' decedent was deprived of his freedom and life forever, was seriously injured, and was subjected to great fear, terror, personal humiliation and degradation, and suffered great physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

41.     That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS, as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

<u>AS AND FOR A THIRD COUNT</u>
42 U.S.C. § 1983 - MUNICIPAL LIABILITY

42.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 41 of this Complaint with the same force and effect as though fully set forth herein.

43.     Prior to April 6, 2010 and since, the COUNTY has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force, assaults, and uses of force, beatings, and uses of weapons against minorities including African American persons by police  officer of the SCPD and other local police departments within the jurisdiction of the SCPD. Although such assaults, illegal use of force, and use of weapons were improper, the officers involved were not prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings, use of force, and uses of weapons were justified and proper.  As a result, SCPD police officers within their jurisdiction were causes

10

and encouraged to belie civilian persons could be assaulted or abused under circumstances not requiring the use of excessive force, and that such beatings would in fact be permitted by the COUNTY.

44. In addition to permitting a pattern and practice of improper beatings and abuses of minority population in Suffolk County, the COUNTY and SCPD, have failed to maintain a proper system of investigation of all incidents of unjustified beatings, shootings, and excessive use of force by police officers.

45. The COUNTY has failed to respond to the continuing need in prevent restrain, and discipline police officers who wrongfully, assaulted, use excessive force, and abuse minority civilians, and the COUNTY has failed to find that civilian complaints made against police officers are founded or valid in anyway, therefore the COUNTY is liable under 42 U.S.C. § 1983 because the COUNTY has had actual and/or constructive knowledge of the patterns of abuse and excessive force against minorities by its police officers, employees, and/or agents in violation of the State Constitution, and because of the COUNTY and SCPD, lack of any meaningful policy and custom for reviewing complaints of misconduct, the Defendant Officers relied upon that flawed policy to continue their patterns of physical abuse, excessive force, and discriminatory enforcement, all in violation of the Plaintiffs rights.

46. The COUNTY and SCPD have maintained a system of review of unjustified beatings, shootings, and excessive use of force by police officers that has failed to identify the improper brutality by police officers and failed to subject officers who shot, assaulted and/or brutalized citizens to discipline, closer supervision, or restraint, to the extent that it has become the custom of the COUNTY to tolerate the improper beatings, illegal arrests and other wrongful actions by police officers. As a result, the federal Justice Department has been monitoring and

investigating allegations of bias motivated crimes against the minority population in Suffolk County after a series of assaults against minority citizens have gone unnoticed by the COUNTY and SCPD; responses to said acts have been minimal.

47.     The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants COUNTY and SCPD caused the Defendant Officers to believe that brutality and other improper actions would not be aggressively and properly investigated or prosecuted, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

48.     As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendants COUNTY and SCPD unjustifiably assaulted, brutalized, illegally arrested and caused the death of Plaintiffs' decedent KEVIN TURNER, a citizen of African American heritage, all in violation of his civil and constitutional rights, and KEVIN TURNER has suffered the loss of his life, as well as, from injury, psychological harm, mental distress, humiliation, embarrassment, fear and being prevented from attending his usual duties and his life as a son, father and citizen to those that survive him.

49.     Defendants COUNTY and SCPD were reckless, careless, intentional, negligent, and/or deliberately indifferent in the training, hiring, administration and supervision of the police officers, including Defendant Officers, with respect to the use of force against minority persons, the inquiry of minority persons, the bringing of charges against minority persons, and the recognition arid preservation of the civil and constitutional rights of minority persons.

50.     That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE HUNDRED MILLION ($100,000,000.00)

DOLLARS, as punitive damages against POLICE OFFICERS JOHN DOES 1-10, costs and attorneys fees, and any other relief this Court may find just and proper.

AS AND FOR A FOURTH COUNT
42 U.S.C. § 1985

51.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 50 of this Complaint with the same force and effect as though fully set forth herein.

52.     Defendants COUNTY, SCPD, POLICE OFFICERS JOHN DOES 1-10, conspired to Plaintiffs' decedent, a citizen of African American heritage, of his Fourth, Fifth, and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully stop, detain, unlawfully accuse, wrongfully arrest, falsely imprison, and unjustifiably assaulted and brutally caused the ultimate death of the Plaintiffs' decedent because of or on account of Plaintiffs' decedent's race and/or color.

53.     Upon information and belief, the Defendants further deprived the Plaintiffs' decedent of his due process rights; specifically, by conspiring to unlawfully detain KEVIN TURNER, a minority without probable cause, investigation, rule of law and by further denying the Plaintiffs' decedent his Fifth Amendment rights via a conspiracy to cover the misconduct of said officers and officials to prevent Plaintiffs' decedent from being compensated for their wrongful arrest, detainment, and unjustified beating causing the ultimate death of Plaintiffs' decedent, and other physical and emotional harm incurred by the decedent.

54.     The actions by Defendants denied the Plaintiffs' decedent his due process and protection under the law. All of these rights arc guaranteed to the Plaintiffs' decedent under U.S.C. §§ 1983, 1985, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

13

55.     As a result of said conspiracy by Defendants, the Plaintiffs' decedent was deprived of his freedom and life forever, was seriously injured, and was subjected to great fear, terror, personal humiliation and degradation, and suffered great physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

56.     That by reason of the foregoing Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A FIFTH COUNT
### 42 U.S.C. § 1986 - FAILURE TO INTERVENE

57.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraph 1 through 56 of this Complaint with the same force and effect as though fully set forth herein.

58.     The Defendants, COUNTY and SCPD, POLICE OFFICERS JOHN DOES 1-10, acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiffs' decedent, a citizen of African American heritage, of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the Fourth, Fifth, Fourteenth Amendments and other laws in violation of 42 U.S.C. § 1983 because of or on account of Plaintiffs' decedent's race and/or color.

59.     In derogation of their duty, Defendant Police Officers, having the power to do so failed to prevent the commission of, or neglected or refused the same, the beating, physical abuse, false arrest, and/or false imprisonment of Plaintiffs' decedent, and therefore are liable to the Plaintiffs' decedent for all direct and proximate results of said acts.

14

60.     As a direct and proximate result of said acts, Plaintiffs' decedent was deprived of his freedom and life, was seriously injured, and was subjected to great fear, terror, personal humiliation and degradation, and suffered great physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

61.     That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A SIXTH COUNT
### 42 U.S.C. §§ 1983 and 1985 - ABUSE OF PROCESS

62.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 61 of this Complaint with the same force and effect as though fully set forth herein.

63.     The Defendants, COUNTY, SCPD and POLICE OFFICERS JOHN DOES 1-10, acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiffs' decedent, a citizen of African American heritage, of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the Fourth, Fifth, Fourteenth Amendments and other laws in violation of 42 U.S.C. § 1983, constituting a conspiracy, because of or on account of Plaintiffs' decedent's race and/or color.

64.     Abuse of process is evidenced by Defendants' refusal, delay, or intentional, deliberate and/or negligent prolonged failure to conduct an investigation of the incident surrounding the ultimate death of KEVIN TURNER.

15

65.     The Defendants had a duty to conduct a prompt, full and fair investigation of the incident surrounding the ultimate death of KEVIN TURNER yet the Defendants failed to properly review and conduct an investigation of Defendant Officers, agents, and/or employees of the COUNTY and SCPD in a timely manner for their unjust and unlawful actions.

66.     Such actions evidence were done in a manner evidencing malice, gross recklessness, intentional and/or indifference without excuse or justification in violation of 42 U.S.C. §1983.

67.     As a direct and proximate result Plaintiffs suffered emotional damage and/or distress including but not limited to prolonged stress and anxiety, fear, humiliation, and frustration.

68.     That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

AS AND FOR A SEVENTH COUNT
42 U.S.C. § 1981

69.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 68 of this Complaint with the same force and effect as though fully set forth herein.

70.     The Defendants COUNTY, SCPD and POLICE OFFICERS JOHN DOES 1-10, acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiffs' decedent, a citizen of African American heritage, of rights, privileges and immunities secured by the United States Constitution, including, but not

limited to, rights secured by the Fourth, Fifth, Fourteenth Amendments and other laws in violation of 42 U.S.C. § 1981.

71.     In derogation of their duty, Defendant Police Officers, having the power to do so, failed to prevent the commission of, or neglected or refused the same, the beating, physical abuse, false arrest, and/or false imprisonment of Plaintiffs' decedent, and therefore are liable to the Plaintiffs' decedent for all direct and proximate results of said acts.

72.     In derogation of their duty, Defendant COUNTY and SCPD having the power to do so, failed to investigate, and review the unjust and wrongful assault and death of KEVIN TURNER by Defendant Police Officers. Defendants COUNTY and SCPD were reckless, careless, intentional, negligent, and/or deliberately indifferent in the training, hiring, administration and supervision of the Defendant Officers, with respect to the excessive use of force against KEVIN TURNER.

73.     Said actions by Defendants COUNTY, SCPD, POLICE OFFICERS JOHN DOES 1-10, denied the Plaintiffs' decedent of his Constitutional rights, including but not limited to due process and equal protection under the law. All of these rights are guaranteed to the Plaintiffs' decedent under 42 U.S.C. § 1981. Said acts were motivated by race and color.

74.     As a direct and proximate result of said acts, Plaintiffs' decedent was deprived of his freedom and life forever, was seriously injured, and was subjected to great fear, terror, personal humiliation and degradation, and suffered great physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

75.     That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE HUNDRED MILLION ($100,000,000.00)

DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR AN EIGHTH COUNT
### NEGLIGENCE
### PENDENT JURISDICTION

76.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 75 of this Complaint with the same force and effect as though fully set forth herein.

77.     In the acts complained of herein, Defendants POLICE OFFICERS JOHN DOES 1-10, acted negligently in that they had a duty to act reasonably and responsibly and not to act in a manner that would cause the ultimate death of KEVIN TURNER. Defendant Police Officers had a duty not to assaulted, brutalize, or otherwise abuse Plaintiffs' decedent in such a way that would summarily cause his ultimate death.  Defendant  Officers had a duty to act as would prudent police officers, by not taking actions which would endanger the life of KEVIN TURNER and other persons similarly situated, and acting within the scope of his authority, and not to using excessive force or otherwise violating the Constitutional and civil rights of plaintiffs' decedent. Defendant Officers, in their actions, breached those duties.

78.     Further Defendants COUNTY and SCPD, their agents, employees, and/or servants and POLICE OFFICERS JOHN DOES 1-10, violated the Plaintiffs' decedent's rights secured under United States Constitution and 42 U.S.C. § 1983, and were careless, negligent and reckless in the care and treatment of KEVIN TURNER by failing to hire, supervise, discipline, and investigate the Defendant Officers involved in the instant matter. Defendants COUNTY, SCPD, and POLICE OFFICERS JOHN DOE 1-10 knew or should have known the Defendant Officers' propensities for the conduct which caused the ultimate death of Plaintiffs' decedent, and owed but breached duties to the same.

18

79.     In the acts complained of herein, each of the defendants acted negligently in that they had a duty to properly investigate, act within the scope of their authority, and not to falsely arrest, falsely imprison, use excessive force or otherwise violate the Constitutional and civil rights of Plaintiffs' decedent, and in that they breached that duty.

80.     That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

AS AND FOR A NINTH COUNT
WRONGFUL DEATH
PENDENT JURISDICTION

81.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 80 of this Complaint with the same force and effect as though fully set forth herein.

82.     As a result of said actions by Defendants COUNTY, SCPD, and POLICE OFFICERS JOHN DOE 1-10, Plaintiffs' decedent KEVIN TURNER was caused to die.

83.     That be reason of Plaintiffs' decedent's ultimate death, Plaintiffs' issue, L'DREESE TURNER and KEIONNA HUDSON, have been deprived of financial and emotional support, companionship, love, affection, nurturing and guidance  and pecuniary loss, and further Plaintiffs' Decedent KEVIN TURNER was caused to undergo conscious pain and suffering from the time of the assault until the time  of death.

84.     That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE HUNDRED MILLION ($100,000,000.00)

DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR AN TENTH COUNT
### BATTERY
### PENDENT JURISDICTION

85.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 84 of this Complaint with the same force and effect as though fully set forth herein.

86.     POLICE OFFICERS JOHN DOES 1-10, having illegally and unlawfully stopped, assaulted, abused, arrested and imprisoned Plaintiffs' decedent, continued to violate the rights of the Plaintiffs' decedent as well as the laws of the State of New York when while continuing the false imprisonment of Plaintiffs' decedent, Defendant Officers subjected KEVIN TURNER to additional battery.

87.     Defendant Officers wrongfully, unlawfully and without privilege, consent, emergency, necessity, or justification, forced Plaintiff's decedent to endure an assault and physical abuse. Plaintiffs' decedent at no time consented to such abuse or seizure of his person by Defendant Officers. Said actions were intentional and aimed at injuring and causing KEVIN TURNER harm, discomfort, pain and humiliation.

88.     Plaintiffs' decedent was assaulted, brutalized, physically abused and ultimately caused to die against his will.  Plaintiffs' decedent committed no violation or crime.

89.     Defendant Officers did intentionally assaulted, brutalized, abused and caused the death of Plaintiffs' decedent, placing him in fear of imminent danger and/or bodily harm, and subjected him to great pain and physical injury by virtue of Defendant Officers' conduct

including, but not limited to, the unwarranted and unjustified excessive use of force on KEVIN TURNER's body.

90.     As a direct and proximate result of said acts, Plaintiffs' decedent was deprived of his freedom and life forever, was seriously injured, and was subjected to great fear, terror, personal humiliation and degradation, and suffered great physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

91.     That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

WHEREFORE Plaintiffs demand judgment against Defendants:

a.      on the First Count in the sum of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS.

b.      on the Second Count in the sum of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS.

c.      on the Third Count in the sum of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS.

d.      on the Fourth Count in the sum of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS.

e.      on the Fifth Count in the sum of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS.

f.     on the Sixth Count in the sum of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS.

g.     on the Seventh Count in the sum of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS.

h.     on the Eighth Count in the sum of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS.

i.     on the Ninth Count in the sum of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS.

j.     on the Tenth Count in the sum of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS.

k.     Punitive damages in the amount of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS as against the individual John Doe Defendants 1 through 10.

l.     Award attorney's fees and costs of this action to the Plaintiffs pursuant to 42 U.S.C. § 1988;

m.     Declaratory Judgment that Defendants willfully violated plaintiffs' rights secured by Federal and State Law as alleged herein;

n.     Injunctive relief, requiring Defendants to correct all past violations of Federal and State law as alleged herein; to enjoin Defendants from continuing to violate Federal and State Law as alleged herein; and to order such other and injunctive relief as may be appropriate to prevent any future violations of Federal and State laws;

o.     Award such other and further relief as this Court may deem appropriate.

### ***A JURY TRIAL IS HEREBY DEMANDED***

Dated: February 16, 2012
      Huntington, New York

                    Respectfully submitted,

                    GATHMAN & BENNETT LLP

By:                                        
                    John C. Bennett Esq.  JB2560

                    Attorneys for Plaintiffs
                    191 New York Avenue
                    Huntington, NY 11743
                    (631) 423-7777

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK   )

                             )ss.:

COUNTY OF SUFFOLK  )

TAWANA SCOTT, being duly sworn, deposes and says that I am the Plaintiff in the within action, I have read the foregoing COMPLAINT and know the contents thereof; the same is true to deponent's own knowledge, except as to those matters said to be upon information and belief and as to those matters, deponent believes it to be true.  The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are as follows:  books, records and memoranda.

_____

TAWANA SCOTT

Sworn to before me this

24th day of February, 2012

_____

Notary Public

PAMELA CHIAVARO
Notary Public, State of New York
No. 01CH6024978
Qualified in Suffolk County
Commission Expires May 17, 2015

24

BLACKSTONE STATIONERS, INC. 555 GREENWICH ST., HEMPSTEAD, N.Y. 11550 • 800-632-2273

## STATE OF NEW YORK, COUNTY OF                    ss:

*Individual Verification*  ❑ deponent is the _____ , being duly sworn, deposes and says, that: _____ , in the within action; has read the foregoing _____ and knows the contents thereof;

*Corporate Verification*  ❑ deponent is the _____ of the _____ corporation in the within action; has read the foregoing and knows the contents thereof;

*Attorney's Affirmation*  ❑ the undersigned is an attorney admitted to practice in the courts of New York; is the attorney of record for the _____ in the within action; has read the foregoing _____ and knows the contents thereof; the same is true to affirmant's own knowledge, except as to those matters said to be upon information and belief and as to those matters, affirmant believes it to be true. This verification is made by affirmant because

The grounds of affirmant's belief as to matters not stated upon affirmant's own knowledge are as follows:

the same is true to deponent's own knowledge, except as to those matters said to be upon information and belief and as to those matters, deponent believes it to be true. The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are as follows:

Affirmed this _____ day of _____ , 20 _____    ...................................................................
(*Print Name Beneath Signature*)

Sworn to before me this _____ day of _____ , 20 _____    ...................................................................
(*Print Name Beneath Signature*)

*Certification by Attorney*  ❑ the undersigned is an attorney admitted to practice in the courts of New York and certifies that the within _____ has been compared by the undersigned with the original and found to be a true and complete copy.

Dated _____ day of _____ , 20 _____    ...................................................................
(*Print Name Beneath Signature*)

## STATE OF NEW YORK, COUNTY OF                    ss:

_____ ,being duly sworn, deposes and says, that deponent is not a party to this action, is over 18 years of age and resides at _____ ; that on the _____ day of _____ , 20 _____ , deponent served the within

*Affidavit of Personal Service*  ❑ upon _____ personally, by delivering a true copy thereof to h _____ . Deponent knew the person served to be the person mentioned and described in said papers.

*Affidavit of Service By Mail*  ❑ upon _____ attorney for _____ in this action, at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, in a post-office/official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

*Service by Electronic Means*  by transmitting the papers by electronic means to the telephone number listed below, which number was designated by the attorney for such purpose. I received a signal from the equipment of the attorney served indicating that the transmission was received. I also deposited a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, addressed to the attorney at the address set forth after the name.

*Overnight Delivery Service*  ❑ by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of _____ for overnight delivery, prior to the latest time designated by that service for overnight delivery.