UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RD-6665

TAWANA SCOTT, individually and as Administratrix of the Estate of KEVIN TURNER,

        Plaintiff,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, POLICE OFFICERS JOHN DOE 1-10, in their individual and official capacities, representing as yet unknown and unidentified members of the Suffolk County Police Department (all in their individual and official capacities),

        Defendants.

ANSWER TO COMPLAINT
JURY TRIAL DEMANDED

CV 12-00909 (JFB)(ETB)

   Defendant, County of Suffolk, by its attorney, Dennis M. Cohen, Suffolk County Attorney, by Richard T. Dunne, Assistant County Attorney, answering the plaintiff's Complaint hereby allege as follows:

   1.  The allegations contained in the paragraphs numbered 1, 9, 10 and 11 of the Complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, the defendants make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

   2.  Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 3, 12, 13, 14, 15, 18, 19, 20, 21, 22, 23, 25, 29 and 30 of the Complaint.

3. Denies the allegations contained in paragraphs numbered 2, 4, 5, 6, 7, 8, 24, 26, 27, 28, 31, 33, 34, 35, 36, 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53, 54, 55, 56, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 70, 71, 72, 73, 74, 75, 77, 78, 79, 80, 82, 83, 84, 86, 87, 88, 89, 90 and 91 of the Complaint.

4. Answering the paragraphs numbered 32, 37, 42, 51, 57, 62, 69, 76, 81 and 85 of the Complaint, defendant repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. That the Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6 That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

10. That municipal defendants are not liable for punitive damage awards.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

11. That this Court lacks subject matter jurisdiction.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

12. That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

13. That plaintiffs' claims, if any, are barred in whole or in part by the Statute of Limitations.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

14. That defendant's actions, if any, were justified by the facts and circumstances presented.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

15. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

16. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

17. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

18. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

19. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

20. That the substance of any communications, if any, made by defendants and/or their agents are and were absolutely privileged.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

21. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

22. To the extent that the Complaint purports to set forth any pendent state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

23. To the extent that the Complaint purports to set forth any pendent state law claims, they are barred by the Statute of Limitations.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

24. That the Suffolk County Police Department is not an entity susceptible to suit. See, e.g., Wilson v. City of New York, 800 F.Supp. 1098, 1101 (EDNY 1992).

WHEREFORE, defendant demands judgment against the plaintiffs dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

Dated:  Hauppauge, New York
        March 20, 2012

                                        DENNIS M. COHEN
                                        Suffolk County Attorney
                                        Attorney for Defendant
                                        COUNTY OF SUFFOLK
                                        Office and P.O. Address
                                        P.O. Box 6100
                                        100 Veterans Memorial Highway
                                        Hauppauge, NY 11788
                                        (631) 853-4049

                                        By: _____
                                            Richard T. Dunne
                                            Assistant County Attorney

To:
GATHMAN & BENNETT, LLP
Attorneys for Plaintiffs
191 New York Avenue
Huntington, NY 11743