LAW OFFICES

# FUMUSO, KELLY, SWART, FARRELL, POLIN & CHRISTESEN, LLP

ALAN J. FUMUSO ◊
DOUGLAS J. SWART
JAMES F. FARRELL, JR.
SCOTT G. CHRISTESEN, R.Ph. ○
SETH KIRSCHBAUM
JORDAN KARP
CHRISTIAN A. FUMUSO
ANTHONY M. MAFFIA

OF COUNSEL

MICHAEL K. KELLY ⬩
LORRAINE BERLUND POLIN, R.N.

ROBERT W. DeVERNA
(1949 - 2014)

◊ ADM N.Y. & COLO.
⬩ ADM N.Y. & FLA.
○ ADM N.Y. & CONN.

JAMES B. REILLY
ANN D. SCHATTNER
JOSEPH P. ROSH
ALBERT E. RISEBROW
JUNE R. HERMAN
CATHERINE ANN BRENNAN
MICHELLE C. ACOSTA
SUZANNE LAVOIE, R.N
HUGO A BASSO
KRISTIN N. MORO
ANTHONY MARINO
BRIAN T. REILLY
CHRISTINE M. CAWLEY
KATHLEEN A. MILLER
NICHOLAS J. ALBANESE

MARY L. SHARKEY
OFFICE ADMINISTRATOR

DONNA OZOLS
SENIOR PARALEGAL

MAILING ADDRESS
110 MARCUS BOULEVARD
HAUPPAUGE, NEW YORK 11788-3704
(631) 232-0200 • FAX (631) 232-1305
www.fksfpc.com

November 6, 2020

**VIA ECFS**
Honorable Joanna Seybert
United States District Court
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re:   Scott/Turner v. County of Suffolk, et al.
      (U.S. District Court
      EDNY Case 12-CV-00909 (JS CSIL)
      Our File No.: BH-3014

Your Honor:

     This office represents Dr. Macleod and Brookhaven Memorial Hospital Medical Center (hereinafter BHMC).  Pursuant to Your Honor's court rules and briefing schedule, on September 11, 2020 our office filed a motion for partial summary judgment regarding the plaintiff's claim under 42 U.S.C. §1395dd titled Emergency Medical Treatment and Labor Act (EMTALA).  (Exhibit "10").

     Pursuant to Your Honor's briefing schedule, plaintiff's **opposition** was due on or before November 6, 2020.  Today, our office received plaintiff's opposition papers in which the plaintiff is now seeking the affirmative relief of partial summary judgment against the defendants regarding the EMTALA claim.  However, the plaintiff never requested to move for such relief and the time to move for such relief has long expired. (Exhibits "1"-"10").

     As will be shown below, the plaintiff had numerous opportunities to seek such relief and failed to do so.  Instead the plaintiff  elected to impermissibly and untimely ambush the

Honorable Joanna Seybert
November 6, 2020
Page 2


defendants within their opposition papers.   As such, this
Honorable Court should not consider the plaintiff's submission
for partial summary judgment and only consider the submission in
opposition to the defendants' motion.

In accordance with Your Honor's court rules, the defendants
submitted a letter requesting a pre-motion conference dated March
12, 2020 and March 20, 2020. (Exhibit "1" collectively). On April
14, 2020, the plaintiff filed their opposition to the defendants'
pre-motion letter and **did not** request permission or state their
desire to move for partial summary judgment. (Exhibit "3").
Based upon these submissions a pre-motion conference was
scheduled for May 12, 2020. (Exhibit "4").

During the pre-motion conference on May 12, 2020 plaintiff's
counsel made **absolutely no mention** of moving for partial summary
judgment against the defendants.  At that conference, Your Honor
ordered summary judgment motions to be filed by August 12, 2020,
responses by September 28, 2020 and replies by October 13, 2020.
(Exhibit "5").

Thereafter, the defendants with the consent of plaintiff's
counsel requested an enlargement of the briefing schedule.  The
Honorable Court granted the enlargement and set forth the new
briefing schedule which required the **defendants'** moving papers to
be filed on or before September 11, 2020; **plaintiff's** opposition
papers to be filed on or before October 28, 2020; and **defendants'**
reply papers to be filed on or before November 12, 2020. (See
Exhibits "6" and "7").

The plaintiff did not object to this briefing schedule nor
did they request to move for partial summary judgement.

Thereafter, the plaintiff in emails requested the consent of
the defendants to extend the time for the plaintiffs "to serve
our **opposition papers** to November 6, 2020. . ."   (See Exhibit
"8").  Once again, the plaintiff did not indicate their intention
to move for partial summary judgment.

With the consent of all parties on October 20, 2020 the
plaintiff requested a "brief extension of time to November 6,
2020 for submission of the plaintiff's **opposition papers**."  In

Honorable Joanna Seybert
November 6, 2020
Page 3


this correspondence to the Court, the plaintiff makes **absolutely no** mention of moving for partial summary judgment. (Exhibit "9").

 As such, the Court granted the application and Ordered the **plaintiff's** opposition to be filed on or before November 6, 2020; and **defendants'** reply to be filed on or before November 20, 2020. (Exhibit "10").

 It is clear that the plaintiff's submission for partial summary judgment is untimely and unauthorized. Therefore, the defendants request this Honorable Court not to consider plaintiff's submission for partial summary judgment and only consider plaintiff's submission in opposition to the defendants' motion for summary judgment. If this Honorable Court were to consider the plaintiff's submission for partial summary judgment, it would be rewarding the plaintiff's last minute ambush of the defendants.

 If for some reason this Honorable Court decides to consider the plaintiff's untimely and unauthorized submission the defendants' request a conference with the Court to set a new briefing schedule and to seek the Honorable Court's guidance on how to proceed.

     Respectfully submitted,

     FUMUSO, KELLY, SWART, FARRELL,
     POLIN & CHRISTESEN, LLP

     BY:

      ANTHONY M. MAFFIA (AMM6147)

AMM/bk

# EXHIBIT 1

LAW OFFICES

# FUMUSO, KELLY, SWART, FARRELL, POLIN & CHRISTESEN, LLP

ALAN J. FUMUSO ◊
MICHAEL K. KELLY +
DOUGLAS J. SWART
JAMES F. FARRELL, JR.
LORRAINE BERLUND POLIN, R.N.
SCOTT G. CHRISTESEN, R.Ph. o
SETH KIRSCHBAUM
JORDAN KARP
CHRISTIAN A. FUMUSO
ANTHONY M. MAFFIA

JAMES J. GIRVAN
Trial Counsel

ROBERT W. DeVERNA
(1949 - 2014)

◊ ADM N.Y. & COLO.
+ ADM N.Y. & FLA.
o ADM N.Y. & CONN.

MAILING ADDRESS
110 MARCUS BOULEVARD
HAUPPAUGE, NEW YORK 11788-3704
(631) 232-0200 • FAX (631) 232-1305
www.fksfpc.com

NASSAU OFFICE
400 POST AVENUE
SUITE 209
WESTBURY, NEW YORK 11590
(516) 746-8050

JAMES B. REILLY
ANN D. SCHATTNER
JOSEPH P. ROSH
ALBERT E. RISEBROW
JUNE R. HERMAN
CATHERINE ANN BRENNAN
MICHELLE C. ACOSTA
WILLIAM G. MacDEVITT
SUZANNE LAVOIE, R.N
HUGO A.BASSO
MICHAEL A. NEMECEK
KRISTIN N. MORO
ANTHONY MARINO
BRIAN T. REILLY
CHRISTINE M. CAWLEY
KATHLEEN A. MILLER
NICHOLAS J. ALBANESE
JACLYN A. MARTINI

MARY L. SHARKEY
OFFICE ADMINISTRATOR

DONNA OZOLS
SENIOR PARALEGAL

March 12, 2020

**VIA ECF**
Honorable Joanna Seybert
United States District Court
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re:    Scott/Turner v. County Of Suffolk, et al. (U.S. District Court
       EDNY Case 12-CV-0909 (JS CSIL))
       Our File No. BH-3014

Your Honor:

    This office represents Dr. MacLeod and Brookhaven Memorial
Hospital Memorial Center (hereinafter BHMC).  The defendants submit
this letter requesting permission for a pre-motion conference and to
move for partial summary judgment pursuant to FRCP 56 and dismissal
pursuant to FRCP 12(C) of the plaintiff's claim brought under 42
U.S.C. §1395dd titled Emergency Medical Treatment and Labor Act
(EMTALA).

    The plaintiff's claims surround allegations arising out of an
April 6, 2010 admission to the emergency room at BMHC following an
altercation that Mr. Turner had with the police.  Thereafter, the
decedent sustained a right subdural hematoma with mass effect
necessitating surgical intervention at Stony Brook University Hospital
Medical Center.  The plaintiff alleges that the defendants violated
the EMTALA statute, committed malpractice and wrongfully caused the
death of plaintiff's decedent.

    Although the EMTALA statute allows for the government to impose
monetary civil penalties under certain circumstances, the elements of
the only private cause of action under the statute are listed in
§1395dd(a)and(b) (see Verhagen v. Orarte, 1989 W.L. 146265 (S.D.N.Y.
1989); Reynolds v. Mercy Hospital, 861 F.Supp. 214 (W.D.N.Y. 1994);

Honorable Joanna Seybert
March 12, 2020
Page 2

Almond v. Town of Massena, et al., 237 A.D.2d 94, 667 N.Y.S.2d 475 (3d Dept., 1998), Cherukuri v. Shalala, 175 F.3d 446 (6th Cir. 1999), see also §1395dd(d)(1)(a)-(C)).

§1395dd(a)and(b) reads as follows:

**(a) Medical Screening Requirement**

"In the case of a hospital that has a hospital emergency department, if any individual (whether or not eligible for benefits under this subchapter) comes to the emergency department and a request is made on the individual's behalf for examination or treatment for medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency condition (within the meaning of (e)(1) of this section) exists . . ."

**(b) Necessary Stabilizing Treatment for Emergency Medical Conditions and Labor**

**(1) IN GENERAL** if an individual (whether or not eligible for benefits under this subchapter) comes to a hospital and the hospital determines that the individual has an emergency medical condition, the hospital must provide either -

**(A)** Within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or

**(B)** For transfer of the individual to another medical facility in accordance with subsection (C).

(See 42 U.S. Code §1395dd(a)(b), Verhagen, supra, Reynolds, supra.)

The term "to stabilize" the medical condition means, ". . . to provide such medical treatment of the condition as may be necessary to assure, with reasonable medical probability, that no material deterioration of the condition is likely to result from or occur during the transfer of the individual from a facility, or, with respect to an emergency medical condition . . ." (42 U.S. Code §1395dd(e)(3)(A) and (B).

"While EMTALA imposed a duty to stabilize a patient, it does not impose a duty to fully cure an emergency condition before transferring or discharging a patient. The standard is clear from the statute; if no material deterioration of

Honorable Joanna Seybert
March 12, 2020
Page 3

the patient's emergency medical condition is likely to
result within a reasonable degree of medical probability as
a result of the transfer, then the patient has been
stabilized and no EMTALA violation has occurred."

Torres Nieves v. Hospital Metropolitano, et al., 998 F.Supp. 127
(D. Puerto Rico 1998). See also, Booker v. Desert Hospital Corp., 947
F.2d 412, 415 (9th Cir. 1991); Reynolds, supra.

With regards to a proper medical screening, upon presenting to
the emergency department the decedent was properly screened by Dr.
MacLeod and Nurse Matutino. A physical examination was conducted,
vital signs obtained, a CT scan of the patient's head, face and
cervical spine was ordered, the results of which were obtained by Dr.
MacLeod and revealed a subdural hematoma and a right nasal bone
fracture. Furthermore, blood tests, urine toxicology screening and a
chest x-ray were also obtained.

After receiving the CT results, the decision was made to transfer
the decedent to Stony Brook University Hospital so that the decedent
could undergo surgery to treat the subdural hematoma. Prior to
transfer, the decedent's condition was stable for transfer as required
under the law. In fact, according to the hospital records, the
decedent's condition, including his neurological status remained
unchanged throughout the transport.

Since the plaintiff's condition did not deteriorate in any way
during the transfer from Brookhaven to Stony Brook, the decedent did
not suffer any damages as a result of the transfer. Torres Nieves,
supra.

To the extent that the plaintiff has advanced an EMTALA cause of
action against Dr. MacLeod, an EMTALA claim cannot be brought against
a private physician. Reynolds, supra.

Lastly, since there is no EMTALA violation, the Court does not
have any subject matter jurisdiction nor diversity jurisdiction. As
such, the Court should dismiss the case in its entirety. Reynolds,
supra.

For these and other reasons, this matter should be dismissed.

Respectfully submitted,

FUMUSO, KELLY, SWART, FARRELL,
POLIN & CHRISTESEN, LLP

BY: ANTHONY M. MAFFIA (AMM 6147)

AMM/bk

LAW OFFICES

# FUMUSO, KELLY, SWART, FARRELL, POLIN & CHRISTESEN, LLP

ALAN J. FUMUSO ◊
MICHAEL K. KELLY •
DOUGLAS J. SWART
JAMES F. FARRELL, JR.
LORRAINE BERLUND POLIN, R.N.
SCOTT G. CHRISTESEN, R.Ph ◦
SETH KIRSCHBAUM
JORDAN KARP
CHRISTIAN A. FUMUSO
ANTHONY M. MAFFIA

JAMES J. GIRVAN
Trial Counsel

ROBERT W. DeVERNA
(1949 - 2014)

◊ ADM N.Y. & COLO.
• ADM N.Y. & FLA.
◦ ADM N.Y. & CONN.

MAILING ADDRESS
110 MARCUS BOULEVARD
HAUPPAUGE, NEW YORK 11788-3704
(631) 232-0200 • FAX (631) 232-1305
www.fksfpc.com

NASSAU OFFICE
400 POST AVENUE
SUITE 209
WESTBURY, NEW YORK 11590
(516) 746-5050

JAMES B. REILLY
ANN D. SCHATTNER
JOSEPH P. ROSH
ALBERT E. RISEBROW
JUNE R. HERMAN
CATHERINE ANN BRENNAN
MICHELLE C. ACOSTA
WILLIAM G. MacDEVITT
SUZANNE LAVOIE, R.N
HUGO A BASSO
MICHAEL A. NEMECEK
KRISTIN N. MORO
ANTHONY MARINO
BRIAN T. REILLY
CHRISTINE M. CAWLEY
KATHLEEN A. MILLER
NICHOLAS J ALBANESE
JACLYN A. MARTINI

MARY L. SHARKEY
OFFICE ADMINISTRATOR

DONNA OZOLS
SENIOR PARALEGAL

March 20, 2020

Honorable Joanna Seybert
United States District Court
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re: Scott/Turner v. County of Suffolk, et al. (U.S. District Court
EDNY Case 12-CV-00909 (JS CSIL)
Our File NO. BH-3014

Your Honor,

Pursuant to your Honor's Court Rules, our office filed a request for a Pre- Motion conference on 3/13/2020 along with the movant's and non-movant's Rule 56.1 Statements (see Doc #85). When doing so our office inadvertently filed the documents under the title "letter" instead of "Motion for a Pre- Motion Conference".

Therefore we have re-filed the exact same documents that were filed on 3/13/2020 and are contained in docket #85 under the proper title of "Motion for Pre-Motion Conference."

We apologize for any confusion this may have caused.

Respectfully submitted,

FUMUSO, KELLY, SWART FARRELL
POLLIN & CHRISTESEN, LLP

BY: Anthony M. Maffia (AMM6147)

LAW OFFICES

# FUMUSO, KELLY, SWART, FARRELL, POLIN & CHRISTESEN, LLP

ALAN J. FUMUSO ◊
MICHAEL K. KELLY +
DOUGLAS J. SWART
JAMES F. FARRELL, JR.
LORRAINE BERLUND POLIN, R.N.
SCOTT G. CHRISTESEN, R Ph. ◊
SETH KIRSCHBAUM
JORDAN KARP
CHRISTIAN A. FUMUSO
ANTHONY M. MAFFIA

JAMES J. GIRVAN
Trial Counsel

ROBERT W. DeVERNA
(1949 - 2014)

◊ ADM N.Y. & COLO.
+ ADM N.Y. & FLA.
◊ ADM N.Y. & CONN.

MAILING ADDRESS
110 MARCUS BOULEVARD
HAUPPAUGE, NEW YORK 11788-3704
(631) 232-0200 • FAX (631) 232-1305
www.fksfpc.com

NASSAU OFFICE
400 POST AVENUE
SUITE 209
WESTBURY, NEW YORK 11590
(516) 746-8050

JAMES B. REILLY
ANN D. SCHATTNER
JOSEPH P. ROSH
ALBERT E. RISEBROW
JUNE R. HERMAN
CATHERINE ANN BRENNAN
MICHELLE C. ACOSTA
WILLIAM G. MacDEVITT
SUZANNE LAVOIE, R.N
HUGO A. BASSO
MICHAEL A. NEMECEK
KRISTIN N. MORO
ANTHONY MARINO
BRIAN T. REILLY
CHRISTINE M. CAWLEY
KATHLEEN A. MILLER
NICHOLAS J. ALBANESE
JACLYN A. MARTINI

MARY L. SHARKEY
OFFICE ADMINISTRATOR

DONNA OZOLS
SENIOR PARALEGAL

March 12, 2020

**VIA ECF**
Honorable Joanna Seybert
United States District Court
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re:   Scott/Turner v. County Of Suffolk, et al. (U.S. District Court
      EDNY Case 12-CV-0909 (JS CSIL))
      Our File No. BH-3014

Your Honor:

     This office represents Dr. MacLeod and Brookhaven Memorial
Hospital Memorial Center (hereinafter BHMC).  The defendants submit
this letter requesting permission for a pre-motion conference and to
move for partial summary judgment pursuant to FRCP 56 and dismissal
pursuant to FRCP 12(C) of the plaintiff's claim brought under 42
U.S.C. §1395dd titled Emergency Medical Treatment and Labor Act
(EMTALA).

     The plaintiff's claims surround allegations arising out of an
April 6, 2010 admission to the emergency room at BMHC following an
altercation that Mr. Turner had with the police.  Thereafter, the
decedent sustained a right subdural hematoma with mass effect
necessitating surgical intervention at Stony Brook University Hospital
Medical Center.  The plaintiff alleges that the defendants violated
the EMTALA statute, committed malpractice and wrongfully caused the
death of plaintiff's decedent.

     Although the EMTALA statute allows for the government to impose
monetary civil penalties under certain circumstances, the elements of
the only private cause of action under the statute are listed in
§1395dd(a)and(b)  (see Verhagen v. Orarte, 1989 W.L. 146265 (S.D.N.Y.
1989); Reynolds v. Mercy Hospital, 861 F.Supp. 214 (W.D.N.Y. 1994);

Honorable Joanna Seybert
March 12, 2020
Page 2

<u>Almond v. Town of Massena</u>, et al., 237 A.D.2d 94, 667 N.Y.S.2d 475 (3d
Dept., 1998), <u>Cherukuri v. Shalala</u>, 175 F.3d 446 (6th Cir. 1999), see
also §1395dd(d)(1)(a)-(C)).

§1395dd(a)and(b) reads as follows:

**(a)  Medical Screening Requirement**

"In the case of a hospital that has a hospital
emergency department, if any individual (whether or not
eligible for benefits under this subchapter) comes to the
emergency department and a request is made on the
individual's behalf for examination or treatment for medical
condition, the hospital must provide for an appropriate
medical screening examination within the capability of the
hospital's emergency department, including ancillary
services routinely available to the emergency department, to
determine whether or not an emergency condition (within the
meaning of (e)(1) of this section) exists . . ."

**(b)  Necessary Stabilizing Treatment for Emergency Medical
        Conditions and Labor**

**(1)  IN GENERAL** if an individual (whether or not eligible
for benefits under this subchapter) comes to a hospital and the
hospital determines that the individual has an emergency medical
condition, the hospital must provide either -

**(A)**  Within the staff and facilities available at the
hospital, for such further medical examination and such treatment as
may be required to stabilize the medical condition, or

**(B)**  For transfer of the individual to another medical
facility in accordance with subsection (C).

(See 42 U.S. Code §1395dd(a)(b), <u>Verhagen</u>, <u>supra</u>, <u>Reynolds</u>,
<u>supra</u>.)

The term "to stabilize" the medical condition means, ". . . to
provide such medical treatment of the condition as may be necessary to
assure, with reasonable medical probability, that no material
deterioration of the condition is likely to result from or occur
during the transfer of the individual from a facility, or, with
respect to an emergency medical condition . . ." (42 U.S. Code
§1395dd(e)(3)(A) and (B).

"While EMTALA imposed a duty to stabilize a patient, it does
not impose a duty to fully cure an emergency condition
before transferring or discharging a patient.  The standard
is clear from the statute; if no material deterioration of

Honorable Joanna Seybert
March 12, 2020
Page 3

the patient's emergency medical condition is likely to
result within a reasonable degree of medical probability as
a result of the transfer, then the patient has been
stabilized and no EMTALA violation has occurred."

Torres Nieves v. Hospital Metropolitano, et al., 998 F.Supp. 127
(D. Puerto Rico 1998).  See also, Booker v. Desert Hospital Corp., 947
F.2d 412, 415 (9th Cir. 1991); Reynolds, supra.

With regards to a proper medical screening, upon presenting to
the emergency department the decedent was properly screened by Dr.
MacLeod and Nurse Matutino.  A physical examination was conducted,
vital signs obtained, a CT scan of the patient's head, face and
cervical spine was ordered, the results of which were obtained by Dr.
MacLeod and revealed a subdural hematoma and a right nasal bone
fracture.  Furthermore, blood tests, urine toxicology screening and a
chest x-ray were also obtained.

After receiving the CT results, the decision was made to transfer
the decedent to Stony Brook University Hospital so that the decedent
could undergo surgery to treat the subdural hematoma.  Prior to
transfer, the decedent's condition was stable for transfer as required
under the law.  In fact, according to the hospital records, the
decedent's condition, including his neurological status remained
unchanged throughout the transport.

Since the plaintiff's condition did not deteriorate in any way
during the transfer from Brookhaven to Stony Brook, the decedent did
not suffer any damages as a result of the transfer.  Torres Nieves,
supra.

To the extent that the plaintiff has advanced an EMTALA cause of
action against Dr. MacLeod, an EMTALA claim cannot be brought against
a private physician.  Reynolds, supra.

Lastly, since there is no EMTALA violation, the Court does not
have any subject matter jurisdiction nor diversity jurisdiction.  As
such, the Court should dismiss the case in its entirety.  Reynolds,
supra.

For these and other reasons, this matter should be dismissed.

Respectfully submitted,

FUMUSO, KELLY, SWART, FARRELL,
POLIN & CHRISTESEN, LLP


BY:  ANTHONY M. MAFFIA (AMM 6147)

AMM/bk

EXHIBIT 2

# CARTIER, BERNSTEIN,
## AUERBACH AND STEINBERG, P.C.
### ATTORNEYS & COUNSELLORS AT LAW

Partners
WILLIAM J. BERNSTEIN (1950 - 2014)
KENNETH A. AUERBACH*
ROBERT G. STEINBERG

Associates
LINDA MARIE BOSWELL*
LESLIE M. SCHMIDT
AMANDA E. SPINNER

*Member of New York and New Jersey Bar

100 Austin Street, Building 2
Patchogue, New York 11772

(631) 654-4900
(1-800-445-6922)
Fax: (631) 654-0724 Personal Injury
Fax : (631) 654-1617 All Other Departments

Visit us at:
www.cbalawyers.com

Of Counsel
RUDOLPH HENRI CARTIER, JR.
CHRISTINE LEE McVICKER

Administrator
THERESA M. LONGO

March 27, 2020

Electronically filed
Honorable Judge Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: Scott/Turner v. Brookhaven Memorial et al., 12-CV-1198

Dear Honorable Judge Seybert:

My office represents plaintiff's in Action No. 2. As you are already aware pursuant to your Honor's Court Rules, defendant Fumuso, Kelly, Swart, Farrell, Pollin & Christesen, LLP filed a request for a pre-motion conference on March 13, 2020 and again on March 20, 2020.

At this time, we are respectfully requesting upon consent of all parties that the Court grant a two-week extension of time for my office to serve and file a letter setting forth the nature of our opposition to Fumuso Kelly's motion.

Thank you for your time and consideration.

Very truly yours,

/s/ Kenneth A. Auerbach

**EXHIBIT 3**

# CARTIER, BERNSTEIN,
## AUERBACH AND STEINBERG, P.C.
### ATTORNEYS & COUNSELLORS AT LAW

**Partners**
WILLIAM J. BERNSTEIN (1950 - 2014)
KENNETH A. AUERBACH*
ROBERT G. STEINBERG

**Associates**
LINDA MARIE BOSWELL*
LESLIE M. SCHMIDT
AMANDA E. SPINNER

*Member of New York and New Jersey Bar

100 Austin Street, Building 2
Patchogue, New York 11772

(631) 654-4900
(1-800-445-6922)
Fax: (631) 654-0724 Personal Injury
Fax : (631) 654-1617 All Other Departments

Visit us at:
www.chbalawyers.com

Of Counsel
RUDOLPH HENRI CARTIER, JR.
CHRISTINE LEE McVICKER

Administrator
THERESA M. LONGO

April 14, 2020

Electronically filed
Honorable Judge Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: Scott/Turner v. Brookhaven Memorial et al., 12-CV-1198

Dear Honorable Judge Seybert:

My office represents plaintiff's in Action No. 2. The plaintiffs submit this letter in response to defendant Fumuso, Kelly, Swart, Farrell, Pollin & Christesen, LLP's request for a pre-motion conference to move for partial summary judgment pursuant to FRCP 56, and to dismiss plaintiff's claim brought under 42 U.S.C. §1395dd titled Emergency Medical Treatment and Labor Act (EMTALA).

Plaintiff's commenced this action against Brookhaven Memorial Hospital and Dr. Margaret MacLeod for violations of the EMTALA, medical malpractice, and wrongful death after plaintiff's decedent Kevin Turner presented to the emergency room at Brookhaven Memorial Hospital via ambulance on April 6, 2010 with severe injuries after having been brutally assaulted by police officers following a vehicle stop of the decedent. Plaintiff's claim that plaintiff's decedent presented to the hospital with an emergency medical condition and was transferred to Stony Brook University Hospital before his medical condition was stabilized, as required by EMTALA. Additionally, plaintiff's claim that the failure to medically stabilize Mr. Turner resulted in him suffering further harm, pain and suffering, and ultimately led to his death.

The EMTALA applies to all hospitals that participate in the federal Medicare program and that have emergency departments. Jones v. Beth Isr. Hosp., 2018 WL 1779344, *17 (S.D.N.Y. 2018). The EMTALA imposes two obligations on hospitals: appropriate medical screening examinations and stabilization of an emergency medical condition before transferring or discharging a patient. Id. At *18.   Thus, the EMTALA requires "such treatment as may be

CARTIER, BERNSTEIN,
AUERBACH AND STEINBERG, P.C.

ATTORNEYS & COUNSELLORS AT LAW

required to stabilize the medical condition" and forbids the patient's release unless the condition has been stabilized. Id. At *21, citing 42 U.S.C. §1395dd(b)(1)(A).

The statute defines "emergency medical condition" as "a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in placing the individual's health in serious jeopardy, serious impairment to bodily functions, or serious dysfunction of bodily organs." Id. "Once an emergency medical condition is detected, the hospital must act to stabilize the condition before the patient can be transferred or released. 42 U.S.C. §1395dd. "A patient with an emergency medical condition is stabilized when "no material deterioration of the condition is likely within reasonable medical probability, to result from or occur during" the patient's release from the hospital." Jones, supra at *21.

In order for an EMTALA stabilization claim to exist, the plaintiff must show that the patient had an emergency medical condition and that the hospital actually knew of that condition. Id. At *22. Here, plaintiff's EMTALA claim stands because Mr. Turner had an emergency medical condition and Brookhaven Memorial Hospital actually knew of that condition. Dr. MacLeod herself testified that the plaintiff's decedent had an emergency medical condition while at Brookhaven Memorial Hospital (see MacLeod Dep. at P. 195, LL. 8-17, Ex. 6 to Maffia Decl.). More specifically, Dr. MacLeod testified that Mr. Turner's emergency medical condition was a cerebral hemorrhage and/or subdural hematoma. (see MacLeod Dep. at P. 195, LL. 17, Ex. 6 to Maffia Decl.).

Defendants fail to recognize that Dr. Macleod completed an EMTALA patient transfer form on April 6, 2010 at 2:24 a.m., checking off that "the patient has been stabilized such that within reasonable medical probability no material deterioration of the patient's condition is likely to result from transfer to another facility." However, at no time on April 6, 2010 while Mr. Turner was at Brookhaven was his emergency medical condition of a cerebral hemorrhage and/or subdural hematoma stabilized. Review of the records indicate that at no time during Mr. Turner's stay at Brookhaven Memorial Hospital was he ever medically or neurologically stabilized. In fact, upon arrival to Stony Brook University Hospital at 4:30 a.m., Mr. Turner had deteriorated further, showing decerebration and deep obtundation, as well as classical Cushing reflexes and bilateral blown pupils. Given the severity of Mr. Turner's condition upon arrival to Stony Brook, he was taken to the OR for a craniotomy, craniectomy, and evacuation of the large subdural hematoma.

Additionally, according to Dr. MacLeod's own testimony, Mr. Turner's emergency medical condition was never stabilized prior to his transfer. (see MacLeod Dep at P. 195, LL. 17, P. 229, LL 21-25, P. 230, LL 1-17, P. 233, LL 15-25, P. 234 LL 1-4, Ex. 6 to Maffia Decl.). Dr. MacLeod testified that despite the fact that she checked off that Mr. Turner's emergency medical

CARTIER, BERNSTEIN,
AUERBACH AND STEINBERG, P.C.

ATTORNEYS & COUNSELLORS AT LAW

condition was stabilized, that condition in fact never was stabilized. Instead, it was Dr. MacLeod's position that it was the obligation of the accepting physician from Stony Brook University Hospital, Dr. Geller, to stabilize Mr. Turner's subdural hematoma and brain bleed. (see Macleod Dep at P. 193, LL. 22-25, P. 194, LL. 1-23). However, the EMTALA requires the facility transferring or discharging the patient to stabilize the patient's medical condition, which Dr. MacLeod admits she never did.

Furthermore, prior to Mr. Turner's transfer to Stony Brook University Hospital his emergency medical condition continued to deteriorate. Mr. Turner was intubated prior to transfer and it was noted that his right pupil was dilated. Dr. MacLeod testified that the Stony Brook EMS transfer team called Dr. Geller to notify him of the change in the patient's condition even before transfer. As a result, Dr. Geller attempted to stabilize Mr. Turner himself by ordering Mannitol before transfer. Importantly, Dr. MacLeod also testified that since one of Mr. Turner's pupils were dilated at 3:20 a.m. this was indicative that "maybe the patient was requiring some other intervention before they got on the road." (see MacLeod Dep. at P. 222, LL. 18-25, P. 223, LL. 1-21, Ex. 6 to Maffia Decl.).

Thus, it is the plaintiff's position that there is a clear EMTALA violation in that the defendants knew Mr. Turner had an emergency medical condition, and even have admitted to it, but failed to stabilize such condition prior to his transfer to Stony Brook University Hospital, resulting in significant deterioration of Mr. Turner's condition. Measures were never taken until Dr. Geller ordered Mannitol around 3:00 a.m. to reduce Mr. Turner's intracranial pressure and stabilize him for transfer. As such, it is respectfully requested that defendant's request for a pre-motion conference to move for partial summary judgment be denied.

Thank you for your time and consideration.

Very truly yours,

/s/ Kenneth A. Auerbach

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X
TAWANA SCOTT

    -V-

SUFFOLK CO., ET AL.
------------------------------X

CALENDAR NOTICE
CV 12- 909(JS)(SIL)


    THE ABOVE-REFERENCED CASE IS SCHEDULED FOR A PRE-MOTION CONFERENCE **BY TELEPHONE** BEFORE JUDGE JOANNA SEYBERT **AT 11:15AM ON TUESDAY, MAY 12, 2020**. A BRIEFING SCHEDULE WILL BE SET, AS APPROPRIATE.

    SHOULD THE COURT ALSO ENTERTAIN SETTLEMENT DISCUSSIONS, COUNSEL SHALL HAVE SETTLEMENT AUTHORITY OR BE ABLE TO CONTACT SOMEONE WITH AUTHORITY.

    PLEASE DIAL 1(877) 336-1839 AND ENTER ACCESS CODE 7231185# AT THE PROMPT.

    TO MINIMIZE THE RISK OF UNDELIVERED MAIL/E-MAIL, PARTIES ARE REQUESTED TO CONFIRM RECEIPT OF THIS NOTICE <u>WITH EACH OTHER</u>.


                    /s/
                    CHARLES J. BARAN,
                    COURTROOM DEPUTY CLERK FOR
DATED: APR. 21, 2020      HON. JOANNA SEYBERT
      CENTRAL ISLIP  NY

EXHIBIT 5

**amaffia@110-law.com**

| | |
|---|---|
| **From:** | ecf_bounces@nyed.uscourts.gov |
| **Sent:** | Tuesday, May 12, 2020 12:13 PM |
| **To:** | nobody@nyed.uscourts.gov |
| **Subject:** | Activity in Case 2:12-cv-00909-JS-SIL Scott v. County of Suffolk et al Pre Motion Conference |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Eastern District of New York**

### Notice of Electronic Filing

The following transaction was entered on 5/12/2020 at 12:12 PM EDT and filed on 5/12/2020
**Case Name:**      Scott v. County of Suffolk et al
**Case Number:**    2:12-cv-00909-JS-SIL
**Filer:**
**Document Number:** 96

**Docket Text:**
**Minute Entry for proceedings held before Judge Joanna Seybert: Pre-Motion Conference held on 5/12/2020. Motions to be filed by 8/12/2020; Responses by 9/28/2020; Replies by 10/13/2020. Stipulation of partial discontinuance to be filed. (Baran, Charles)**

**2:12-cv-00909-JS-SIL Notice has been electronically mailed to:**

John C. Bennett    jbennett@gathbenlaw.com, pchiavaro@gathbenlaw.com, sfernandes@gathbenlaw.com, tmcgrane@gathbenlaw.com

William Patrick Nolan    wpnesq@gmail.com

Lorraine Berlund Polin    lpolin@fkdssf-law.com

Kenneth A. Auerbach    cbadauerbach@aol.com

Joseph R. Conway    jconway@larussoandconway.com

Brian C Mitchell    brian.mitchell@suffolkcountyny.gov, cheryl.darcangelo@suffolkcountyny.gov, courtalert@suffolkcountyny.gov, susan.flynn@suffolkcountyny.gov

Anthony M Maffia     amaffia@110-law.com

Amanda Elizabeth Spinner     cbad_spinner@aol.com

**2:12-cv-00909-JS-SIL Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=5/12/2020] [FileNumber=14879009-0]
[1d70fad15a23fc130710ba282f3e8f052e7dbcd3eded0336d762e400dd0dea12367f
27c8732c3bc96b11c1063d1d5213c52ac4ae6058b1ba32880da46645c627]]

DATE: __5/12/2020__       AT: __11:15__

BEFORE JUDGE JOANNA SEYBERT:

CIVIL CAUSE FOR TELEPHONE PRE-MOTION CONFERENCE

DOCKET NUMBER: __12-909__

TITLE: SCOTT -V- SUFFOLK CO., ET AL.

APPEARANCES:

FOR PLAINTIFF(S): __JOHN BENNETT, KENNETH AUERBACH__

FOR DEFENDANT(S): __BRIAN MITCHELL (MOST SUFFOLK DEFTS.)__
__WILLIAM NOLAN (DEFT. LaROSA)__
__ANTHONY MAFFIA (BROOKHAVEN HOSPITAL DEFTS.)__
__JOSEPH CONWAY (DEFT. HAMILTON)__

REPORTER: NONE

__X__    CASE CALLED. COUNSEL FOR ALL SIDES PRESENT.

_____    COUNSEL FOR _____ NOT PRESENT.

__X__    CONFERENCE HELD.

_____    DISCOVERY TO BE COMPLETED BY_____

_____    PARTIES TO COMPLETE_____
         BY THE NEXT CONFERENCE OR BY_____

_____    NEXT CONFERENCE SET FOR_____ /2020 AT _____

_____    CASE TO BE REFERRED/ASSIGNED TO MAGISTRATE JUDGE
         FOR_____

__X__    MOTIONS TO BE FILED BY __8/12/2020__;
                 RESPONSES BY __9/28/2020__;
                 REPLIES BY __10/13/2020__.

_____    JURY SELECTION SET FOR__ / /2020 AT 9:30AM BY LAW CLERK

_____    TRIAL SET FOR_____

__X__    OTHER_STIPULATION OF PARTIAL DISCONTINUANCE TO BE FILED.
WORD

**EXHIBIT 6**

**COUNTY OF SUFFOLK**



**STEVE BELLONE**
**SUFFOLK COUNTY EXECUTIVE**

DENNIS M. COHEN
COUNTY ATTORNEY

DEPARTMENT OF LAW

July 28, 2020

Honorable Joanna Seybert, U.S.D.J.
United States Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722

RE:  <u>Scott v. County of Suffolk</u>
     Docket No.: CV 12-6415 (JS)(SIL)

Dear Judge Seybert:

This Office represents the County of Suffolk in the above referenced action. All defendants in the matter have requested permission to move for summary judgement. The Court has set a briefing schedule as follows: defendants moving papers served by August 12, 2020; plaintiff's opposition served by September 28, 2020; with defendants reply served by October 13, 2020. I write at this time on behalf of all defendants to respectfully request an extension of all the scheduled dates for a period of thirty days. I have conferred with counsel for the plaintiff, John Bennett, Esq. and Kenneth Auerbach, Esq. and they have consented to our request.

The reason for this request is that I have a rather extensive appellate brief in the matter of *Anilao v. Spota*, (19-3949) which falls due before the Second Circuit at the end of the same week as the instant motion must be filed. I also have several depositions scheduled during the weeks prior to and after the week of August 12th. For continuity, counsel for the other defendants are joining in this request as well. With this in mind, we are respectfully requesting the following extension of the above motion schedule:

Defendants moving papers served on or before **September 11, 2020**
Plaintiff's opposition papers served on or before **October 28, 2020**
Defendants reply papers served on or before **November 13, 2020**.

I thank the Court for its consideration of this request.

Respectfully submitted,

DENNIS M. COHEN
Suffolk County Attorney

*Brian C. Mitchell*
Brian C. Mitchell
Assistant County Attorney

Cc: All parties (via ECF)

**EXHIBIT 7**

**amaffia@110-law.com**

| | |
|---|---|
| **From:** | ecf_bounces@nyed.uscourts.gov |
| **Sent:** | Wednesday, July 29, 2020 10:42 AM |
| **To:** | nobody@nyed.uscourts.gov |
| **Subject:** | Activity in Case 2:12-cv-00909-JS-SIL Scott v. County of Suffolk et al Order on Motion for Extension of Time to File |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Eastern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 7/29/2020 at 10:41 AM EDT and filed on 7/29/2020
**Case Name:**     Scott v. County of Suffolk et al
**Case Number:**   2:12-cv-00909-JS-SIL
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ELECTRONIC ORDER granting [98] Motion for Extension of Time to File. On consent, Defendants' moving papers filed on or before September 11, 2020; Plaintiff's opposition papers filed on or before October 28, 2020; and Defendants' reply papers, if any, filed on or before November 13, 2020. Ordered by Judge Joanna Seybert on 7/29/2020. (Alessi, Samantha)**

**2:12-cv-00909-JS-SIL Notice has been electronically mailed to:**

John C. Bennett     jbennett@gathbenlaw.com, pchiavaro@gathbenlaw.com, sfernandes@gathbenlaw.com, tmcgrane@gathbenlaw.com

William Patrick Nolan     wpnesq@gmail.com

Lorraine Berlund Polin     lpolin@fkdssf-law.com

Kenneth A. Auerbach     cbadauerbach@aol.com

Joseph R. Conway     jconway@larussoandconway.com

Brian C Mitchell     brian.mitchell@suffolkcountyny.gov, cheryl.darcangelo@suffolkcountyny.gov,

courtalert@suffolkcountyny.gov, susan.flynn@suffolkcountyny.gov

Anthony M Maffia    amaffia@110-law.com

Amanda Elizabeth Spinner    cbad_spinner@aol.com

**2:12-cv-00909-JS-SIL Notice will not be electronically mailed to:**

**EXHIBIT 8**

**amaffia@110-law.com**

| | |
|---|---|
| **From:** | amaffia@110-law.com |
| **Sent:** | Tuesday, October 20, 2020 1:32 PM |
| **To:** | 'John Bennett'; 'William Nolan' |
| **Cc:** | 'Mitchell, Brian'; 'Joseph Conway'; 'Maffia, Anthony M.'; 'Ken Auerbach' |
| **Subject:** | RE: Turner -Opposition |

Whatever time you need is fine with me. Hope you feel better.

Stay safe.
Ant

Anthony M. Maffia, Esq.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP
110 Marcus Blvd.
Hauppauge, NY 11788-3704
(P) (631) 232-0200 (Ext. 111)
(F) (631) 232-1305
(Cell) (917) 837-3688

**From:** John Bennett <jbennett@gathbenlaw.com>
**Sent:** Tuesday, October 20, 2020 10:02 AM
**To:** William Nolan <wpnesq@gmail.com>
**Cc:** Mitchell, Brian (Brian.Mitchell@suffolkcountyny.gov) <brian.mitchell@suffolkcountyny.gov>; Joseph Conway <jconway@larussoandconway.com>; Maffia, Anthony M. <amaffia@fkdssf-law.com>; Ken Auerbach <cbadauerbach@aol.com>
**Subject:** RE: Turner -Opposition

## Thanks Guys

John C. Bennett Esq.

**\*\*PLEASE NOTE OUR NEW ADDRESS:\*\***

GATHMAN & BENNETT LLP
191 New York Avenue, 2nd Floor
Huntington, NY 11743
(631)) 423-7777
Fax (631) 423-7784
Jbennett@gathbenlaw.com

Notice: This message, and any attached file, is a PRIVATE communication intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. Nothing in this email message should be construed as a legal opinion. If you have received this communication in error, please notify us immediately by reply email and delete all copies of the original message. Thank you.

Legal Advice Disclaimer: You should recognize that responses provided by this email means are akin to ordinary telephone or face-to-face conversations and do not reflect the level of factual or legal inquiry or analysis which would be applied in the case of a formal legal opinion. A formal opinion could reach a different result. We would, of course, be happy to prepare such a definitive statement or formal opinion if you would like us to.
IRS Circular 230 Legend:  Any advice contained herein was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal, state, or local tax penalties.  Unless otherwise specifically indicated above, you should assume that any statement in this email relating to any U.S. federal, state, or local tax matter was written in connection with the promotion or marketing by other parties of the transaction(s) or matter(s) addressed in this email.  Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

**From:** William Nolan <wpnesq@gmail.com>
**Sent:** Tuesday, October 20, 2020 9:55 AM
**To:** John Bennett <jbennett@gathbenlaw.com>
**Cc:** Mitchell, Brian (Brian.Mitchell@suffolkcountyny.gov) <brian.mitchell@suffolkcountyny.gov>; Joseph Conway <jconway@larussoandconway.com>; Maffia, Anthony M. <amaffia@fkdssf-law.com>; Ken Auerbach <cbadauerbach@aol.com>
**Subject:** Re: Turner -Opposition

All good with me.



WILLIAM P. NOLAN, ESQ.
1103 Stewart Avenue. Suite 200
Garden City, New York 11530
Tel: (516) 280-6633
Fax: (516) 977-1977
wpnesq@gmail.com



On Tue, Oct 20, 2020 at 9:39 AM John Bennett <jbennett@gathbenlaw.com> wrote:

Guys:

Our papers are due on Turner on October 28 and I am having  a dental surgery procedure on this Friday October 23 and would like to request a brief extension from Judge Seybert for a few days to
 serve our opposition papers to November 6, 2020 with the understanding that your dates for reply would run from that date. Can I advise the Court the application is on consent?

Thanks John

John C. Bennett Esq.

**PLEASE NOTE OUR NEW ADDRESS:**

GATHMAN & BENNETT LLP
191 New York Avenue, 2nd Floor
Huntington, NY 11743
(631)) 423-7777
Fax (631) 423-7784
Jbennett@gathbenlaw.com

**amaffia@110-law.com**

| | |
|---|---|
| **From:** | John Bennett <jbennett@gathbenlaw.com> |
| **Sent:** | Tuesday, October 20, 2020 1:23 PM |
| **To:** | Maffia, Anthony M. |
| **Cc:** | Ken Auerbach |
| **Subject:** | Turner |

Anthony:

Sorry for the multiple emails but the extension of time we are seeking to 11/6 to submit our opposition papers would also apply to Ken Auerbach on the med mal portion of the claim- all the defendants times to reply would be extended as well
If Ok with you could you let me know when you have a chance so I can file my letter request with Judge Seybert

Thanks John

John C. Bennett Esq.

**PLEASE NOTE OUR NEW ADDRESS:**

GATHMAN & BENNETT LLP
191 New York Avenue, 2nd Floor
Huntington, NY 11743
(631)) 423-7777
Fax (631) 423-7784
Jbennett@gathbenlaw.com

Notice: This message, and any attached file, is a PRIVATE communication intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. Nothing in this email message should be construed as a legal opinion. If you have received this communication in error, please notify us immediately by reply email and delete all copies of the original message. Thank you.
Legal Advice Disclaimer: You should recognize that responses provided by this email means are akin to ordinary telephone or face-to-face conversations and do not reflect the level of factual or legal inquiry or analysis which would be applied in the case of a formal legal opinion. A formal opinion could reach a different result. We would, of course, be happy to prepare such a definitive statement or formal opinion if you would like us to.
IRS Circular 230 Legend:  Any advice contained herein was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal, state, or local tax penalties.  Unless otherwise specifically indicated above, you should assume that any statement in this email relating to any U.S. federal, state, or local tax matter was written in connection with the promotion or marketing by other parties of the transaction(s) or matter(s) addressed in this email.  Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

EXHIBIT 9

LAW OFFICES OF

# GATHMAN & BENNETT L.L.P.

191 NEW YORK AVENUE
HUNTINGTON, NEW YORK 11743
PHONE (631) 423-7777   FAX (631) 423-7784

JOHN C. BENNETT
J. EDWARD GATHMAN, JR.

October 20, 2020

*Via ECF*
Honorable Joanna Seybert
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza
Central Islip, NY 11722

     Re:   *Tawana Scott, et al. v. County Of Suffolk*
             US District Court EDNY Case. 12-CV-00909 (JS)(SIL)

Dear Honorable Judge Seybert:

The undersigned is representing the Plaintiff relative to the municipal claims for liability as to the County of Suffolk and Officers Hamilton and Larosa. Co-counsel Kenneth Auerbach, Esq., is representing the Plaintiff in regard to the medical malpractice claim.

Opposition to the Defendants' respective Summary Judgment Motions and the briefing schedule had been amended to afford the Defendants with additional time to submit their Motions and required the Plaintiff's opposition to same to be served on or before October 28, 2020.

In that regard, the undersigned is presently scheduled for an oral surgery procedure on Friday, October 23, 2020. I have conferenced with my adversaries and co-counsel and have received their consent to request a brief extension of time to November 6, 2020 for submission of the Plaintiff's opposition papers.

Additionally, consent has also been secured by counsel for all parties to permit an increase in the size of Plaintiff's opposition papers from 25 pages to 30 pages. That relief is also respectfully requested at this time.

The relief sought in the instant correspondence is on consent of all parties. It is globally our understanding that if this request is granted, there would also be a commensurate extension of time for Defendants to serve reply papers.

Thank you for your courtesy and cooperation herein.

Very truly yours,

*John C. Bennett*
JCB/pc
cc: Counsel for all parties by ECF

# EXHIBIT 10

amaffia@110-law.com

| | |
|---|---|
| From: | ecf_bounces@nyed.uscourts.gov |
| Sent: | Wednesday, October 21, 2020 10:39 AM |
| To: | nobody@nyed.uscourts.gov |
| Subject: | Activity in Case 2:12-cv-00909-JS-SIL Scott v. County of Suffolk et al Order on Motion for Extension of Time to File Response/Reply |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Eastern District of New York**

### Notice of Electronic Filing

The following transaction was entered on 10/21/2020 at 10:38 AM EDT and filed on 10/21/2020
| | |
|---|---|
| **Case Name:** | Scott v. County of Suffolk et al |
| **Case Number:** | 2:12-cv-00909-JS-SIL |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**ELECTRONIC ORDER granting [106] Motion for Extension of Time to File and Leave to File Excess Pages. On consent, the requests are GRANTED. Plaintiff's opposition shall be filed on or before November 6, 2020. Defendants' reply, if any, shall be filed on or before November 20, 2020. Plaintiff's opposition shall not exceed 30 pages. Defendants' reply, if any, shall not exceed 15 pages. Ordered by Judge Joanna Seybert on 10/21/2020. (Dimarco, Nicholas)**

**2:12-cv-00909-JS-SIL Notice has been electronically mailed to:**

John C. Bennett    jbennett@gathbenlaw.com, pchiavaro@gathbenlaw.com, sfernandes@gathbenlaw.com, tmcgrane@gathbenlaw.com

William Patrick Nolan    wpnesq@gmail.com

Lorraine Berlund Polin    lpolin@fkdssf-law.com

Kenneth A. Auerbach    cbadauerbach@aol.com

Joseph R. Conway    jconway@larussoandconway.com

Brian C Mitchell     brian.mitchell@suffolkcountyny.gov, cheryl.darcangelo@suffolkcountyny.gov, courtalert@suffolkcountyny.gov, susan.flynn@suffolkcountyny.gov

Anthony M Maffia     amaffia@110-law.com

Amanda Elizabeth Spinner     cbad_spinner@aol.com

**2:12-cv-00909-JS-SIL Notice will not be electronically mailed to:**